HPS-102   (June, 2005)                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2687

IN RE:  DREW BRADFORD,
                                   Petitioner

On Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D. N.J. Civ. No. 05-cv-00421)

Submitted Under Rule 21, Fed. R. App. Pro.
June 10, 2005
BEFORE: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed : June 27, 2005)

OPINION

PER CURIAM.

Drew Bradford, proceeding pro se, has filed a petition for a writ of

mandamus seeking review of a District Court judge's refusal to recuse himself from

presiding over Bradford's civil rights action.  For the reasons that follow, we will deny

the petition.

Bradford filed a complaint in New Jersey state court against a law firm,

lawyers, police officers and other individuals in connection with criminal charges brought

1

against him which he claims are false.  The defendants removed the complaint, which

alleges violations of Bradford's federal constitutional rights to free speech and equal

protection under the law, to federal court.

Bradford moved for the recusal of District Court Judge Stanley Chesler.  He

alleged that he called Judge Chesler's chambers on February 1 and 2, 2005, and left a

message on the answering machine regarding concerns about his ability to litigate his case

due to medical reasons.  Bradford stated that on February 3, 2005, a female from Judge

Chesler's chambers called him, and threatened to call the United States Marshall if he

called the office again.  He alleged that "[e]ven if Judge Chesler is not directly involved

with this, there is now clearly a strong bias against [him]."  He also noted in his motion

that a member of the defendant law firm recommended Judge Chesler to be a Magistrate

Judge.  Judge Chesler denied the motion, noting that under 28 U.S.C. § 455, personal bias

creates a duty to recuse where the court's actions reveal such a high degree of favoritism

or antagonism as to make fair judgment impossible, and this was not the case here.

Mandamus is a proper means for the Court to review the denial of a recusal

motion filed pursuant to 28 U.S.C. § 455.  Alexander v. Primerica Holdings, Inc. 10

F.3d 155, 163 (3d Cir. 1993).  We review a judge's decision not to recuse himself for an

abuse of discretion.  In re Antar, 71 F.3d 97, 101 (3d Cir. 1995).  Our inquiry focuses on

whether the record, viewed objectively, reasonably supports the appearance of prejudice

or bias.  Id.

The record does not reasonably support the appearance of prejudice or bias on the part of Judge Chesler.  Bradford does not maintain that Judge Chesler even knew about the telephone call with his staff member before he filed the recusal motion.  In addition, Bradford's unsubstantiated allegation that a member of the defendant law firm had some connection to Judge Chesler's judicial appointment does not warrant mandamus relief.[1]  Judge Chesler did not abuse his discretion is denying the recusal motion.

Accordingly, we will deny the petition for a writ of mandamus.[2]

---

[1]  In his civil rights complaint, Bradford makes a similar allegation about the appointment of the state court judge presiding over a case he filed in state court.

[2]  To the extent Bradford sought the recusal of Judge Chesler pursuant to 28 U.S.C. § 144, mandamus does not lie to review the denial of such a recusal motion.  In re School Asbestos Litigation, 977 F.2d 764, 776 (3d Cir. 1992).  In addition, a writ of mandamus will not issue based upon Bradford's supplemental filing in this Court in which he argues that Judge Chesler should recuse himself in light of a counterclaim the defendants have filed against him.  A writ of mandamus will issue only if a party has no other adequate means to attain relief, and based upon his recent filings in District Court, Bradford appears to be in the process of raising this argument there.  See In re: Kensington Int'l Ltd., 353 F.3d 211, 224 (3d Cir. 2003) (noting mandamus standard cannot be met where a motion seeking the same relief sought in the mandamus petition is pending in the district court).

3